# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LA VILLA,<br><br>  Petitioner,<br><br>v.<br><br>DERRAL G. ADAMS, Warden,<br><br>  Respondent. | 1:09-cv-00298 YNP [DLB] (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORMS FOR FILING A CIVIL RIGHTS ACTION |

On January 5, 2009, Petitioner filed a petition for writ of habeas corpus with the United States District Court for the Northern District of California. (Doc. #6). On February 13, 2009, the case was transferred to this Court. (Doc. #9). Petitioner returned a consent/decline form indicating consent to Magistrate Judge jurisdiction on March 3, 2009. (Doc. #12).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes

to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner claims that he is being singled out and harassed by prison officials.  He claims the CDC is obstructing his appeal process though a "well organized" use of CDC-115 write ups meant to entrap him. (Pet. at 6).  Petitioner frames his petition as an "Ordered Addendum to TRO" and references past and pending § 1983 suits filed in the Northern District of California. (Id. at 4-5).  Petitioner does not appear to be seeking habeas relief and his complaints would be more properly brought as a § 1983 civil rights action.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment in this matter; and

3) The Clerk of Court is DIRECTED to send Petitioner blank forms for filing a civil rights action pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:   **November 2, 2009**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE